IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUSSELL LAFAYETTE STEPHENSON, )<br>ID # 432028 )<br>    Petitioner, )<br>vs. )<br>)<br>RICK THALER, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>    Respondent. ) | No. 3:10-CV-0766-N (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the failure to release him on mandatory supervision. The respondent is Rick Thaler, Director of TDCJ-CID.

On September 6, 1986, petitioner was convicted of robbery and aggravated kidnaping in Cause Nos. F86-87623-SI and F86-87624-SI in Criminal District Court No. 2 in Dallas County, Texas, and he was sentenced to life imprisonment. (Petition (Pet.) at 2; State Habeas Transcript (S.H.Tr.)[WR-14,071-02] at 26,34). His direct appeal was affirmed on September 18, 1987. *Stephenson v. State*, Nos. 05-86-00972-CR, 05-86-00973 (Tex. App.–Dallas, Sept. 18, 1987). He subsequently filed several state writs of habeas corpus that are not relevant to this action.

Petitioner contends that on November 24, 2008, he received a time slip from the TDCJ that

1

reflected that his flat time plus good time equaled sixty years, and he believes that he should have been released on mandatory supervision at that point. (Memorandum (Mem.) at 1-2). Petitioner filed state writs in his two cases on May 13, 2009, alleging that he was being erroneously detained past his mandatory supervision release date. (S.H.Tr.[WR-14,071-05]:2, 5; S.H.Tr.[WR-14,071-06:2, 5). On August 26, 2009, his state writs were denied by the Court of Criminal Appeals without written order on the findings of the trial court without a hearing. (*Id*. at covers).

Petitioner mailed his federal petition raising the same mandatory supervision issue on April 12, 2010. (Pet. at 9). Respondent filed a response brief asserting that petitioner's claim is barred by the statute of limitations and without merit. Petitioner filed a reply brief on September 3, 2010.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him

2

from filing his federal petition. Nor does he base his petition on any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date petitioner's conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Here, petitioner is contesting the fact that he was not released on mandatory supervision when his good time and flat time equaled sixty years. Because he acknowledges that he became aware of this on November 24, 2008, (Mem. at 1-2), the facts supporting his claims became known or could have become known to him on that date. Because petitioner filed his April 12, 2010 petition more than a year later,[1] a literal application of § 2244(d)(1) renders it untimely.

**A. Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during any period in which a properly filed state habeas application was pending before the Texas state courts. *See also*, *Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Petitioner filed his state habeas applications on May 13, 2009, the date they were file-marked by the district clerk. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The one-year limitations period was tolled from May 13, 2009, until the state writs were denied on August 26, 2009, 105 days later. The deadline for filing a federal petition was therefore extended from November 24,

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

2009, until March 9, 2010. However, petitioner did not file his federal petition until April 12, 2010. Statutory tolling does not save his federal petition.

**B. <u>Equitable Tolling</u>**

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner claims that he placed his state writs in the prison unit mailbox on March 19, 2009. (Reply at 2). He provides an affidavit from the prisoner that wrote petitioner's state writ averring

4

that he completed the writ on March 19, 2009, and that petitioner placed it in the mail box that same day. (Reply, Ex. D). Petitioner also claims that it was not mailed by the prison unit until April 30, 2009, and he attaches internal correspondence reflecting that the document was mailed to the Dallas County district clerk on April 30, 2009. (Reply, Ex. E). Petitioner does not assert that he should be entitled to equitable tolling from the date he placed his writ in the prison mail, March 19, 2009, but rather, from the date the state writs were allegedly mailed from his unit, April 30, 2009. (Reply at 4). He also contends that he should be granted equitable tolling for the time that his unit was on lockdown from September 16, 2009, through September 29, 2009 (fourteen days), and February 17, 2010 through March 4, 2010 (seventeen days).

Even if petitioner placed his state writ in the prison mail on March 19, 2009, and it was not mailed until April 30, 2009, he has still not shown extraordinary circumstances that warrant equitable tolling. His state writ was denied in August of 2009. Several months elapsed between the date he received the time slip in November of 2008 and the date he allegedly mailed his state writs in March of 2009. Petitioner did not file his federal petition until April of 2010, seven and a half months after his state writs were denied by the Court of Criminal Appeals on August 26, 2009, however. *See Coleman*, 184 F.3d at 403 (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"). As for the lock downs, petitioner proffers no explanation for why he could not have prepared and filed his federal petition prior to or during the lock downs that warrants equitable tolling. *See Gray v. Thaler*, 3:09-CV-304-O, 2009 WL 3614458, at *3 n.4 (N.D. Tex. Oct. 30, 2009) (accepting recommendation of Mag. J.); *Johnson v. Quarterman*, No. 3:07-CV-0480-L, 2007 WL 1888379, at *4 (N.D. Tex. June 29, 2007) (same). Petitioner has not established that he pursued his rights diligently, and he has therefore failed to meet his burden to show that he is entitled to any

5

equitable tolling of the federal statute of limitations. His federal petition should be deemed untimely.

### III. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

### IV. RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 10th day of September, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE